IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                          NO. 3:20-CR-47

DANIEL BLAKE COULSTON

**ORDER**

Daniel Blake Coulston pled guilty to distributing child pornography, for which on July 27, 2022, this Court sentenced him to 210 months of imprisonment and five years of supervised release.[1] Docs. #56, #68. On May 4, 2023, Coulston filed a pro se "Motion To Extend" "requesting an extension to file a 2255 motion under 28 U.S.C. To Set Aside, Vacate, Reduce, or correct [his] sentence." Doc. #78.

Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the time to file a motion seeking relief under its provisions. *See* 28 U.S.C. § 2255(f). Indeed, the Fifth Circuit has held that district courts lack jurisdiction to extend the deadline to file a § 2255 motion. *See United States v. Bautista*, 548 F. App'x 254, 254 (5th Cir. 2013) ("The district court lacked jurisdiction to entertain [the] motion for an extension of time to file a § 2255 motion.") (citing *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000)); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (quoting *Leon*, 203 F.3d at 163); *United States v. Shipman*, 61 F. App'x 919 (5th Cir. 2003) ("Before the petition itself is filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely

---

[1] On Coulston's direct appeal challenging his sentence as substantively unreasonable and as the result of an improper weighing of the 18 U.S.C. § 3553(a) factors, the Fifth Circuit, applying plain error review, affirmed Coulston's sentence on March 28, 2023. *United States v. Coulston*, No. 22-60429, 2023 WL 2658849 (5th Cir. Mar. 28, 2023).

advisory.") (internal quotation marks and citation omitted); *accord Glover v. United States*, No. 3:15-CR-94-1, 2022 WL 705864, at *1 (N.D. Tex. Mar. 9, 2022) ("A federal district court lacks jurisdiction to entertain a motion for extension of time within which to file a § 2255 motion because it presents no case or controversy and would result in the rendering of an advisory opinion."). Given this authority, Coulston's motion to extend [78] is **DENIED**.[2]

      **SO ORDERED**, this 3rd day of January, 2024.

                                                  /s/Debra M. Brown
                                                  **UNITED STATES DISTRICT JUDGE**

---

[2] Even if this Court had jurisdiction, the requested extension would still be denied because the reasons for the extension offered by Coulston—"that response time given to [him] is insufficient to establish credibility and ample explanation for perponderance [sic] of the evidence" regarding the grounds he "will" assert in a § 2255 motion—do not warrant an extension. Doc. #78 at 1. Coulston states that if granted the extension he "will" assert or "establish" as grounds "Inefficient counseling," "Sentencing Guidelines," "psychiatric and health deficencys [sic]," and "Sexual abuse." *Id.* at 1, 2. These intended grounds and the little explanation Coulston provided with each one are vague, conclusory, confusing, and/or nonsensical. *Id.* at 1–2. Regardless, in determining Coulston's sentence, this Court considered the appropriate guidelines, Coulston's mental health history, and the sexual abuse in his background. *See* Doc. #65 at 6, 8, 9; Doc. #75 at 6, 8–9, 11, 15, 18; *see also Coulston*, 2023 WL 2658849, at *1 ("The district court properly addressed all relevant factors and explained its reasons for the imposed sentence.").